EUGENIO RODRÍGUEZ SUÁREZ, Plaintiff and Appellee-Appellant, *v.* THE SAN JUAN FRUIT Co., Defendant and Appellant-Appellee.

No. 8310.   Argued March 25, 1942.—Decided May 20, 1942.

*Damián Monserrat, Jr., Gabriel de la Haba,* and *Rafael Baragaño, Jr.,* for appellee-appellant. *R. H. F. Dottin* for appellant-appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was originally entitled "Rescission of contract and damages." The defendant demurred to the complaint on the ground that it failed to state a cause of action, and its demurrer was sustained by the court.

The plaintiff amended his complaint and entitled his action: "Resolution (*resolución*) of contract of sale, warranty, and damages." The defendant moved to strike out the amended complaint, but the court denied its motion. It then filed a demurrer which was overruled. Thereupon it answered.

The issue having thus been joined, the case went to trial and was decided by a judgment of March 27, 1940, which decreed "the cancellation of the contract of sale entered into on December 20, 1920, between the plaintiff and the defendant" and adjudged the latter to return to the former "$600 or the amount of the purchase price, together with interest thereon at the rate of 6 per cent per annum, $1,100 paid by the plaintiff to Mr. Ruiz de Porras, $600 as expenses and attorney's fees disbursed by the plaintiff in former litigations, and costs and attorney's fees, fixed at $200."

Both parties appealed from that judgment, the defendant from the whole judgment, and the plaintiff in so far as the same refused to grant his alleged right to recover the value of the cane planted on the property involved herein. Both appeals were prosecuted together and, starting with that of

the defendant, will be considered in this opinion and decided by a single judgment.

The defendant-appellant in its brief assigns four errors as committed by the trial court: (a) in permitting the plaintiff to change his cause of action; (b) in failing to hold that the action brought had prescribed; (c) in holding that the defendant had had sufficient notice of the existence of the action wherein it was decided that the property in question belonged to Star Fruit Company, and (d) in not finding that the plaintiff had been guilty of negligence and in not dismissing his action on that ground.

██ Did the plaintiff change his own cause of action? We have already stated that he originally entitled it "rescission of contract and damages" and then "resolution of contract of sale, warranty, and damages." Apparently there was, then, a change; but in order to ascertain whether the cause was really varied or continued to be the same as it originally arose, although imperfectly, from the alleged facts, it is necessary to examine both complaints.

In the first the plaintiff alleged, in short, that the defendant, The San Juan Fruit Company, a corporation of the State of New York, with its principal office located in Dunkirk, New York, and doing business in this island where it had an agent, by public deed executed on December 20, 1920, sold to him for $600 the 10-acre (cuerda) property which was described; that he took possession thereof and planted the same with sugar cane, which it sold to F. Ruiz de Porras for $1,200 and such sale was judicially rescinded, the plaintiff being compelled to reimburse to Ruiz de Porras the purchase price received from him; that when plaintiff went to take possession again of the property, he was unable to do so because The Star Fruit Company, a foreign corporation doing business in this island, held possession of it and refused to deliver it to him, for which reason he brought an action of revendication against said company which was decided against him, as the court held that the property belonged to

The Star Fruit Company and not to the vendor, The San Juan Fruit Company, defendant herein.

After the complaint had been demurred to on the ground of insufficiency, the court sustained the demurrer for failure to allege any of the vices specified in §1243 of the Civil Code, 1930 ed., as justifying the rescission of a contract. In its decision the court called attention to the frequency with which the terms rescission and resolution are confused and granted leave to amend.

The amendment was submitted under the title already mentioned. The basic allegations of the original complaint, which we have just summarized, were retained and it was further alleged that the plaintiff herein had informed the defendant, through its attorney in fact in this island, that Ruiz de Porras had brought an action against him for resolution of the contract on the ground that he had been disturbed of the possession of the property, and that, said action having been decided in favor of Ruiz de Porras, the plaintiff herein had been unable to resume possession of the property because the same was occupied by The Star Fruit Company; that he had brought an action of revendication against the latter, and had timely applied to the defendant herein for aid in clearing up the facts, the defendant confining itself to lending him a plat of its properties from which the one sold to the plaintiff had been segregated; that he diligently prosecuted said action of revendication, which was decided against him by a judgment that became final (*firme*), and thus lost whatever right he had to recover the property sold to him by the defendant, which held itself out as the owner thereof and bound itself as warrantor in case of eviction.

That being so, we think that the trial court was right in holding that the cause of action had not been changed. Although the action was not originally entitled as one for rescission, it never was such, it being from the beginning, if a cause of action existed at all, one for resolution. It is well

settled that the facts alleged, not the title given to the action, form the basis for determining the existence of a cause of action. *The Juncos Central Co.* v. *Rodríguez,* 16 P.R.R. 286, 292.

Such is the conclusion which we would always reach even though there were any doubt as to whether the action prosecuted was the ordinary one for resolution or the special one to enforce the warranty (*saneamiento*), since the basic facts thereof would still be the same in both complaints, the second complaint being perfected by virtue of the amendment which consisted in the addition just referred to by us. The first error assigned is therefore nonexistent.

Changing the order of the assignments of error, we will now take up the third assignment.

The appellant maintains that as its grantee, plaintiff herein, failed to comply with the express legal requisite of service of notice of the complaint of eviction, it, the vendor, is not bound under the warranty, and at first sight this would seem to be so but it is otherwise if the question is carefully considered.

Section 1350 of the Civil Code, 1930 ed., provides that a vendor is bound to deliver and warrant the thing which is the subject-matter of the sale, and this is followed by §1351, which provides that the thing sold shall be deemed delivered when the vendee is placed in the control and possession thereof, the execution of a public instrument being equivalent to the delivery, if the sale should be made, by means of such instrument.

No question has been raised in this case as to the delivery of the thing sold. Not only was the contract entered into by means of a public instrument but the purchaser actually took possession of the property and cultivated it selling it in turn to another person.

But it transpires that such other person was disturbed in his possession and he sought and obtained from the courts the resolution of the contract, and when the plaintiff went to take again possession, he found the property occupied by

The Star Fruit Company. He thereupon sued the company and lost the action by judgment based on the ground that the true owner was the occupant and not the plaintiff nor his vendor, The San Juan Fruit Company. It was then that there arose the duty to warrant imposed on the defendant by law and by the contract. ˅

Eviction exists when by a final judgment based upon a right prior to the sale, the vendee is deprived of the whole or of any part of the thing purchased. Section 1364 of the Civil Code, 1930 ed., and §1370 provides that the vendor shall be bound to make good the warranty whenever it is proved that he was given notice, at the instance of the vendee, of the suit for eviction.

The fact that the purchaser herein has been deprived of the thing purchased by a final judgment based upon a right prior to the sale seems to us to have been so clearly established that we will not stop to discuss it. The peculiar character of this case is due to the fact that the vendor could not be summoned therein to defend against eviction because the plaintiff purchaser was not sued, but being out of possession, he was compelled to sue the occupant of the thing sold. It would be unjust to deprive a purchaser in such a situation of his right to a warranty.

Having in mind that situation, Manresa in his commentaries on similar provisions of the Spanish Civil Code, says:

"Finally, is it necessary that the final judgment which determines the fact of the eviction should be rendered in a proceeding where the purchaser is not precisely the defendant? It seems to be so inferred from the language of §§1481 and 1482 which make the right to the warranty depend upon the service of notice of the action brought against the purchaser.

"Let us imagine, however, the following case: A purchaser is the victim of a disturbance of fact; as he has a direct action against the disturber, he institutes the proper interdict; but the court denies his petition and reserves to him the bringing of an action of revendication if it deems him entitled thereto. Another case: A third person institutes against the purchaser an interdict to retain

·or recover the possession, and obtains a decision in his favor. The purchaser then seeks to recover the thing or property or right of which he has been deprived and accordingly he timely advises the vendor. If after a trial it is held that the property belonged in the first case to the party who appears as disturber, but who actually turns out not to be such, or in the second case, that the property belonged to the party who instituted the interdict, can an action to enforce the warranty be brought against the vendor?

"In our opinion, it can. What matters that the purchaser has been either a plaintiff or a defendant in the proceeding? The fact is that in a proper proceeding, upon an order of a competent judge, and by virtue of an action prior to the sale (which is assumed in the given example) the purchaser has been deprived of the thing purchased. It is this fact and this fact only which gives rise to the warranty and it must be taken into account: whether the purchaser is plaintiff or defendant is a purely circumstantial question which can have no bearing on the effectiveness of the rights. The purchaser should be required, of course, to demand, prior to the bringing of an ordinary action, that the vendor defend him or furnish him with the necessary means for defending himself; but once this requisite has been complied with, which amounts in this case to the service of notice of the complaint where the purchaser is the defendant, the latter's right to the warranty is in our opinion unquestionable.

"But as to the action of revendication, can the purchaser bring it? Will it not be rather a right, or even an obligation· on the part ·of the vendor who is answerable for the eviction? In our judgment, the revendicatory action is inseparable from the ownership. and as the owner is, by virtue of transfer, the purchaser, he is the one to bring the action, even though the vendor might give him aid and the means of defense." 10 Manresa, *Comentarios al Código Civil*, 4th ed., 1931, Editor al Reus, p. 169.

It seems advisable to call attention to the fact that the allegation of service of notice upon the vendor was proved at the trial, where it was shown that the plaintiff notified the defendant in writing as to the existence of the revendicatory action which he was compelled to bring against The Star Fruit Company; that he requested aid from said defendant, advising the same in time of the setting of the trial and cautioning it that anything to be done by it should be done

immediately, and that all that the defendant did was to lend him a plat and to allow its agent to testify as a witness at the trial, which he did. The prior difficulties encountered by the purchaser are likewise shown by the evidence to have been communicated to the vendor. All of it, in our opinion, constitutes a substantial compliance with the law and therefore the court did not err as claimed in the third assignment.

Let us now ascertain whether or not it was error to hold that the action brought had prescribed.

Both parties agree that the applicable limitation period is fifteen years, although they differ as to the time from which it should be computed. According to the defendant, that period must be computed from the date of the consummation of the contract of sale, that is, when the plaintiff took possession of the thing sold, which in the present case was December 20, 1920. According to the plaintiff said period did not begin to run until the time when it was declared by a judgment, based upon a right prior to the sale, that the property did not belong to the purchaser, which occurred in the present case, on November 28, 1934.

We think that, since §1369 of the Civil Code, 1930 ed., provides that the warranty can not be enforced until a final judgment has been rendered by which the vendee is deprived of the thing sold or of a part thereof, the said period does not begin to run until the obligation becomes enforceable, and, therefore, it was not error for the district' court to so hold.

Nor did the court err in overruling the defense of laches.

The trial court in its statement of the case and opinion said: "It has also been shown that the plaintiff delayed the prosecution of his actions owing to the fact that he had to substitute counsel twice and, besides, for lack of means." And so it was indeed. Notwithstanding this protracted series of contracts, difficulties, and litigations, it can be observed that, throughout the same, the plaintiff personally did all he could to defend the property which he had pur-

chased, finally losing it by reason of the invalidity of the vendor's title.

It is insisted by the defendant-appellant that the plaintiff could and should have appealed from the judgment dismissing the action of revendication but failed to do so.

We do not agree that the taking of an appeal was an unavoidable duty. If the plaintiff was convinced of the justice of the decision, he was under no obligation to appeal therefrom. By failing to do so he did not prejudice his right to the warranty. As stated by Manresa in his treatise already mentioned:

"Can a vendor refuse to fulfill his obligation to make good the warranty by alleging that, although there exists a final (*firme*) judgment against the purchaser, said judgment has become final by reason of the will of the latter? We think not, and that the right of the purchaser is not in the least prejudiced by his failure to appeal.

"The reason is obvious, in our opinion: In the first place, the code requires a final judgment, and as one of the ways whereby a judgment may lawfully become final is by the consent of the litigants, and this could not be overlooked, it is clear that where a final judgment exists, irrespective of the cause (a legal cause, of course) of its finality, the legal requisite must be deemed complied with. In the second place, the vendor has been served with notice of the suit; he could very well have defended it and availed himself of every possible remedy; if he has failed to do so, he must bear the consequences of his failure. Really he is not entitled to demand of the purchaser a diligence which he failed to show and which he was more firmly bound to exercise, for the cause of the eviction must antedate the sale, as we shall see later on." 10 Manresa, *Comentarios al Código Civil*, 4th ed., 1931, Editorial Reus, p. 166.

This case, indeed, is not a model of legal action on the part of a purchaser who may find himself in the position of the plaintiff herein. Many deficiencies are noticeable in it from the start. But overshadowing such deficiencies there appears the fundamental fact of the loss of the property by the purchaser because the vendor was not the owner thereof.

And that fact should control in adjudging this case, in accordance with the clear provisions of the law.

We will now proceed to consider the appeal taken by the plaintiff. Only one error is assigned, and it is claimed that it was committed by the court in holding that the value of the cane planted and cultivated by the plaintiff could not be ascertained for lack of specific evidence in this respect.

In his argument thereon the appellant transcribes in his brief the evidence which he considers sufficient and which consists of his own testimony. We have read and weighed the same, finding it vague and contradictory at times. Moreover it itself shows the existence of another concrete evidence on the point—the accounts of Central Vannina—which was not introduced. The conclusion reached by the court, is therefore justified. There was no error.

Both appeals must be denied and the judgment appealed from affirmed in every particular.

Mr. Justice De Jesús and Mr. Justice Todd, Jr., did not participate herein.